CONNELL FOLEY LLP
Leo J. Hurley, Jr.
Philip W. Allogramento III
56 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
*Attorneys for Plaintiff Dixon Projects LLC*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GEORGE W. COMBS, III<br>D/B/A GEORGE W. COMBS, INC.<br><br>Debtors | Chapter 7<br><br>Bank. Case No.: 18-76306 (REG) |
| DIXON PROJECTS LLC,<br>Plaintiff,<br><br>v.<br><br>GEORGE W. COMBS, III, D/B/A<br>GEORGE W. COMBS, INC.<br><br>Defendant. | Adv. Proc. No. _____<br><br>**ADVERSARY PROCEEDING COMPLAINT TO DETERMINE THE NONDISCHARGEABILITY OF A DEBT PURSUANT TO 11 USC § 523(a)(2)(A)** |

## NATURE OF THE ACTION

1. The Plaintiff, Dixon Projects ("Plaintiff"), by and through its attorneys, Connell Foley LLP, pursuant to United States Code 11 U.S.C. §523, and Federal Rules of Bankruptcy Procedure 4007 and 7001, hereby files its complaint against the Debtor, George W. Combs, III d/b/a George W. Combs, Inc. ("Debtor"), and states as follows:

## PARTIES

2. Plaintiff, Dixon Projects LLC is a Delaware limited liability company in the business of construction with its principal place of business located at 140 Broadway, 28th Floor, New York, New York 10005.

3. Defendant/Debtor, George W. Combs, III d/b/a George W. Combs, Inc. (collectively, the "Debtor") is the Debtor in the above-captioned matter, and the sole principal of the now defunct, George W. Combs, Inc. According to Court documents, Debtor resides at 35 Penataquit Place, Huntington, New York 11743.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1409(a).

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

6. On or about July 30, 2018, Debtor, by and through his d/b/a, George W. Combs, Inc., entered into a Reservation and Pre-Construction Services Agreement (the "Agreement") with Plaintiff.

7. By its plain terms, the Agreement provided that Debtor would provide certain pre-construction services in connection with planned construction work (the "Project") at 55 Valentines Lane, Glen Head, New York 11565 (the "Property"), owned by 55 Valentines Lane LLC ("Owner").

8. The stated purpose of the Agreement was to reserve Debtor's time, resources, and manpower as the General Contractor for the Project.

9. The Agreement, a copy of which is annexed hereto as **Exhibit A**, provides at Article 1.1 that Debtor "will perform the services…set forth on the attached Schedule A."

10. Schedule A to the Agreement provides, in relevant part, that:

[Debtor] shall perform a constructability review of the plans prepared by [Plaintiff's] design professionals and shall make suggestions to [Plaintiff or Plaintiff's design professionals] as to materials and/or selection of products, systems, procurement and scheduling.

[Debtor] shall review and consult with [Plaintiff] regarding [Plaintiff's] budget for the Project and propose/recommend value engineering ("VE") suggestions as to how to construct the Project within ten percent of the original submitted budget of $619,252.16 excluding any and all added scope of work or material upgrades, including but not limited to the new storage cellar and related underpinning in the garage.

[Debtor] will work with [Owner's] architect and designer to price out and compose finish schedules for the window and exterior door, plumbing fixtures, electrical fixtures, interior door, specialty door, hardware, flooring, stone/tile, cabinet, appliance, and paint;

[Debtor] will work with [Owner's] architect and engineer to price out and finalize building components for the roofing/siding/exterior trim, insulation, HVAC system, electrical plan, structural framing (steel/engineered lumber), and foundation underpinning.

11. The Agreement provides that Debtor was to reserve time, staffing and other resources for the Project to be performed by Debtor's Company between approximately October 1, 2018 and May 31, 2019.

12. The Agreement further provides that the Debtor would turn away other projects and suffer a financial loss if Plaintiff for some reason did not go ahead with the Project or hired another contractor for the Project.

13. The Agreement further provides that Debtor would receive a reservation fee (the "Deposit") of $46,443.91, equal to 7.5% of Debtor's original submitted budget of $619,252.16, in exchange for Debtor's reservation of time, staffing, and other resources for the Project.

14. Indeed, it was the Debtor who specifically negotiated for and received an increase in the agreed upon Deposit from 5% to 7.5% of the Debtor's originally submitted budget.

15. In the event that Debtor became incapacitated, occupied, lost qualifying licensure or insurance coverage, or otherwise became unable to perform the Services subject to the Agreement during the anticipated timeline, the Agreement required the Debtor to fully refund the Deposit to Plaintiff.

16. Upon information and belief, however, at the time Debtor entered into the Agreement with Plaintiff, Debtor was fully aware that both he and his company were hopelessly insolvent.

17. Indeed, Debtor had a duty not to take on additional creditors at a time when he knew himself and his company to be insolvent, and that his insolvency rendered performance of his obligations under the Agreement an impossibility.

18. At no time prior to the execution of the Agreement did Debtor ever disclose his desperate financial situation to Plaintiff.

19. In fact, Debtor continually represented and carried himself in a manner that reasonably conveyed to Plaintiff that he would be able to fully perform his obligations under the Agreement.

20. In reliance on Debtor's representations and conduct, Plaintiff signed the Agreement on July 30, 2018 and thereafter transferred the Fee of $46,443.91 to Debtor on August 10, 2018.

21. Upon information and belief, Debtor used the $46,443.91 Fee received from Plaintiff not to perform his obligations under the Agreement, but rather to make payments to certain creditors for his personal benefit (ex., his employees for services rendered not on the Project) and to hire a bankruptcy attorney to prepare and file his current Chapter 7 Petition.

22. Debtor did not perform any material work under the Agreement, nor did he take any affirmative steps to reserve time, staffing, or other resources for the Project.

23. Subsequent to the execution of the Agreement and payment of the Fee, Plaintiff learned that Debtor filed for Chapter 7 bankruptcy on September 19, 2018.

## FIRST COUNT

### (Determination of Nondischargeability under 11 USC 523(a)(2)(A))

24. Plaintiff hereby incorporates all of the allegations contained in the foregoing paragraphs to the same extent as if they were fully restated herein.

25. Pursuant to 11 U.S.C. §523(a)(2), debts which a debtor fraudulently incurred cannot be discharged if (1) the debtor made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

26. Prior to signing the Agreement, Debtor falsely represented to plaintiff material facts regarding his financial status, including but not limited to his representation to Plaintiff that he was capable of, and intended to, fulfill all of his obligations under the Agreement in the time outlined therein.

27. Debtor knew that his representations were false when he made them to Plaintiff; in the alternative, Debtor made misrepresentations to Plaintiff recklessly and without regard for the truth.

28. Debtor never intended to perform his obligations under the Agreement and, in fact, his insolvency at that time necessarily precluded his ability to enter into the Agreement in good faith.

29. Debtor was aware that he could not reasonably perform under the Agreement.

30. Debtor intended Plaintiff to rely upon his representations that he would fulfill his obligations under the Agreement.

31. Debtor's false representations were material to Plaintiff's decision to sign the Agreement and pay the Fee.

32. Plaintiff justifiably and reasonably relied on Debtor to provide Plaintiff with accurate and truthful information.

33. Defendant has been unjustly enriched as a direct result of Plaintiff's reliance.

34. As a direct and proximate result of Debtor's actual fraud and theft of deposit, Plaintiff lost the Fee of $46,443.91 paid to Debtor in advance of Debtor's bankruptcy.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment determining that Plaintiff's claim is non-dischargeable pursuant to 11 USC § 523(a)(2)(A), along with reasonable attorneys' fees and costs incurred in prosecuting the within adversary proceeding, and all other relief this Court deems just and proper.

## SECOND COUNT

### (Determination of Debt)

35. Plaintiff hereby incorporates all of the allegations contained in the foregoing paragraphs to the same extent as if they were fully restated herein.

36. As set forth above, Debtor made fraudulent representations to Plaintiff to induce Plaintiff into executing the Agreement and forwarding Debtor the Deposit.

37. As a direct and proximate result of Plaintiff's reliance on Debtor's fraudulent representations, Plaintiff lost $46,443.91.

38. Debtor is liable for the $46,443.91 Plaintiff lost as a result of the Agreement.

39. Debtor is also liable to Plaintiff for its legal fees and costs associated with this action.

40. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment setting Plaintiff's damages at $46,443.91 and ordering Debtor to pay Plaintiff's reasonable attorneys' fees and costs incurred in prosecuting the within adversary proceeding, and all other relief this Court deems just and proper.

## THIRD COUNT

### (Attorney's Fees and Costs)

41. Plaintiff hereby incorporates all of the allegations contained in the foregoing paragraphs to the same extent as if they were fully restated herein.

42. Plaintiff should be awarded his reasonable attorneys' fees and costs incurred in prosecuting the within adversary proceeding.

WHEREFORE, Plaintiff respectfully requests that the Court order Debtor to pay Plaintiff's reasonable attorneys' fees and costs incurred in prosecuting the within adversary proceeding, and all other relief this Court deems just and proper.

4758082-3

                          CONNELL FOLEY LLP
                          56 Livingston Avenue
                          Roseland, NJ 07068
                          Telephone: (973) 535-0500
                          Telecopy: (973) 535-9217
                          *Counsel for Plaintiff Dixon Projects LLC*

                          By:    /s/ *Philip W. Allogramento III*
                                      Philip W. Allogramento III

Dated: January 9, 2019